IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ANDREW PETERSON, on behalf of himself and all similarly situated persons,

    Plaintiffs,

v.

NELNET, INC.,

    Defendant.

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff ANDREW PETERSON, individually and on behalf of all others similarly situated, by his attorneys, for his Complaint against Defendant NELNET, INC. ("Nelnet"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA") on behalf himself and all current and former Account Managers and Call Center Representatives (hereinafter, regardless of precise title, referred to as "CCRs") who work and/or worked for Nelnet within the United States (the "Collective" or "Collective Action Members").

2. Nelnet violated the FLSA by failing to pay Plaintiff and the Collective Action Members premium overtime compensation. Plaintiff and the Collective Action Members are entitled to unpaid overtime compensation from Nelnet for all hours worked by them in excess of forty (40) hours in a workweek, and are also entitled to liquidated damages pursuant to the FLSA.

3. According to Nelnet's 2016 Annual Report, Nelnet is a diverse company that delivers education-related products and services and student loan asset management. The largest operating businesses engage in student loan servicing, tuition payment processing and school information systems, and telecommunications.

4. Nelnet employs CCRs at call center locations nationwide and uniformly classifies them as non-exempt from overtime compensation under the FLSA.

5. CCRs prepare for and make calls to collect money for Nelnet's clients, perform customer service, review and respond to e-mails, and listen and respond to messages from customers.

6. Pursuant to a uniform, companywide policy and practice, Nelnet failed to accurately track or record the actual hours worked by its CCRs. Nelnet furthered this wrongful policy by: (i) failing to provide CCRs with a way to accurately record the hours they actually worked; (ii) permitting CCRs to work before and after they "clock in" to Nelnet's timekeeping system; and (iii) allowing work during uncompensated lunch breaks.

7. Nelnet's systematic failure and refusal to pay Plaintiff and all other similarly situated CCRs for all hours worked over 40 in a workweek violates the FLSA.

8. Plaintiff alleges on behalf of himself and all similarly situated current and former CCRs, however variously titled, employed by Nelnet in the United States and who elect to opt-in to this action pursuant to the FLSA that they are entitled to: (i) unpaid wages for unpaid hours worked in excess of 40 in a workweek; (ii) liquidated damages, and (iii) reasonable attorneys' fees and costs, pursuant to the FLSA.

9. Plaintiff further complains, pursuant to Fed. R. Civ. P. 23, on behalf of himself and a class of other similarly situated current and former CCRs employed by Nelnet at its Colorado locations during the applicable statute of limitations (the "Colorado Class"), that they are entitled to back wages from Defendant for unpaid overtime wages for unpaid hours worked in excess of 40 in a workweek as required by, and pursuant to the requirements of, the Colorado Wage Claim Act, C.R.S.A. § 8-4-101, *et seq.* ("Wage Claim Act") and the Colorado Minimum Wage Act, C.R.S.A. § 8-6-101, *et seq.,* as implemented by the Colorado Minimum Wage Order ("Minimum Wage Order"),

## THE PARTIES

*Plaintiff*

10. Plaintiff Andrew Peterson, a resident of Denver, Colorado, was employed by Nelnet, as a CCR at Nelnet's Aurora, Colorado location.

11. Plaintiff Peterson worked for Nelnet from in or about September 2011 to in or about September 2014.

12. Pursuant to Nelnet's policy, pattern or practice, Plaintiff regularly performed work as CCRs for Nelnet's benefit without receiving all legally mandated compensation. Specifically, Nelnet did not pay Plaintiff overtime compensation for all hours he worked as a CCR in excess of 40 hours in a workweek, in violation of the FLSA, Wage Claim Act and Minimum Wage Order

3

13. Plaintiff's written Consent to Join this action is attached hereto.

***The Defendant***

14. NELNET, INC. is a Nebraska corporation with its principal place of business located in Lincoln, Nebraska.

15. Nelnet employed Plaintiff and other similarly situated current and former CCRs and, at all material times, directly and/or indirectly, jointly or severally, controlled and directed Plaintiff's and the Collective Action Members' and Colorado Class' terms of employment and compensation.

16. Nelnet had the power to control the terms and conditions of employment of Plaintiff and other similarly situated current and former CCRs, including, without limitation, those terms and conditions relating to the claims alleged herein.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1337 and 1367.

18. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. § 201 *et seq.*, pursuant to 29 U.S.C. § 216(b).

19. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 216(b).

20. Nelnet is subject to personal jurisdiction in Colorado.

21. This Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to his FLSA claims that they form part of the same case or controversy.

22. Venue is proper in the District of Colorado pursuant to 28 U.S.C.

§ 1391(b) since a substantial part of the events or omissions giving rise to the claims in this Class and Collective Action Complaint occurred within this District.

23. Nelnet is a covered employer within the meaning of the FLSA, and has had gross revenues exceeding $500,000.00 for all relevant time periods.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings FLSA overtime claims on behalf of himself and all similarly situated persons who work or have worked for Nelnet as CCRs since July 18, 2013 who elect to opt in to this action.[1]

25. Nelnet is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective Action Members. There are many similarly situated current and former CCRs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated CCRs are known to Nelnet, are readily identifiable, and can be located through Nelnet's records. Notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

26. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

27. Plaintiff brings his Colorado state law claims on behalf of all persons who were employed by Defendant, in the State of Colorado, prior to the entry of judgment in this case (the "Class Period"), who held the position of CCR and other comparable

---

[1] Plaintiff and Defendant previously entered into a tolling agreement, tolling the claims of Plaintiff and Account Managers and Call Center Representatives from July 18, 2016 through April 28, 2017.

positions with different titles, who did not receive compensation from Defendant for all overtime hours worked, and who were not paid the legally required overtime wages (the "Class").

28. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 100 members of Class during the Class Period.

29. The claims of Plaintiff are typical of the claims of the Class and a class action is superior to other available methods for the fair and efficient adjudication of the controversy --particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a defendant.

30. Nelnet has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

31. Plaintiff is committed to pursuing this action and have retained competent counsel experienced in wage and hour law and class action litigation.

32. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

33. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to: (a) what proof of hours worked is sufficient where employers fail in their duty to maintain accurate time records; (b) whether Nelnet failed and/or

refused to pay the members of the Class for all of the hours worked by them, as well as premium pay for hours worked in excess of forty hours per workweek within the meaning of applicable law; (c) whether Nelnet is liable for all damages claimed hereunder, including but not limited to compensatory, statutory, interest, costs and disbursements and attorneys' fees; and (d) whether Nelnet should be enjoined from violating applicable law in the future.

## **FACTUAL ALLEGATIONS**

34. Plaintiff, the Colorado Class and the Collective Action Members worked for Nelnet as CCRs and regularly worked more than 40 hours a week.

35. Nelnet failed to pay Plaintiff, the Colorado Class and the Collective Action Members all overtime compensation due and owing to them for the hours they worked in excess of 40 in a workweek. Plaintiff's, the Colorado Class' and the Collective Action Members' time worked is not tracked until they clock in on a computer. However, Plaintiff, the Colorado Class and the Collective Action Members perform and/or performed work without compensation both before they clock in and after the clock out on their computers. Plaintiff, the Colorado Class and the Collective Action Members perform and/or performed work during certain uncompensated, missed meal breaks.

36. Nelnet failed to keep accurate records of the hours worked by Plaintiff, the Colorado Class and the Collective Action Members.

37. Throughout the relevant period, it has been Nelnet's policy, pattern or practice to require, suffer, or permit Plaintiff, the Colorado Class and the Collective Action Members to work in excess of 40 hours per week without paying them premium overtime compensation.

7

38. Nelnet assigned all of the work that Plaintiff, the Colorado Class and the Collective Action Members performed and/or Nelnet was aware of the work that they performed.

39. Plaintiff, the Colorado Class and the Collective Action Members performed the same or similar primary job duties, which are non-exempt.

40. Nelnet has intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA, and applicable state law, with respect to Plaintiff, the Colorado Class and the members of the Collective, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Nelnet's Nebraska headquarters. This policy, pattern or practice includes but is not limited to:

(a) willfully failing to record all of the time that Plaintiff, the Colorado Class and the Collective Action Members have worked for the benefit of Nelnet;

(b) willfully failing to keep accurate payroll records as required by the FLSA;

(c) willfully failing to credit Plaintiff, the Colorado Class and the Collective Action Members for all overtime hours worked, consistent with the requirements of the FLSA and state law; and

(d) willfully failing to pay Plaintiff, the Colorado Class and the Collective Action Members overtime compensation for hours that they worked in excess of 40 hours per workweek.

41. Nelnet is aware or should have been aware that federal and state law required them to pay their employees performing non-exempt duties an overtime premium for all hours worked in excess of 40 hours per workweek.

42. Nelnet's unlawful conduct has been widespread, repeated, and consistent.

# FIRST CAUSE OF ACTION
## Fair Labor Standards Act: Unpaid Overtime Wages
### Brought on Behalf of Plaintiff and Similarly Situated Current and Former CCRs Against Defendant

43. Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

44. Nelnet has engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiff and the Collective, as detailed in this Complaint.

45. At all relevant times, Plaintiff and Collective Action Members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

46. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Nelnet.

47. Nelnet is an employer of Plaintiff and the Collective Action Members and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Plaintiff and the Collective Action Members were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

49. Nelnet has failed to pay Plaintiff and the Collective Action Members all overtime compensation to which they are/were entitled under the FLSA.

50. Nelnet has failed to keep accurate records of time worked by the Plaintiff and the Collective Action Members.

51. Nelnet's violations of the FLSA, as described in this Class and Collective Action Complaint, have been, and continue to be, willful and intentional.

52. Nelnet is aware of its obligations under the FLSA, but did not make a good faith effort to comply with the FLSA with respect to its time keeping and compensation of Plaintiff and the Collective Action Members.

53. Because Nelnet's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

54. As a result of Nelnet's willful violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied overtime wages in accordance with the FLSA, in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and expenses pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Colorado Minimum Wage Order: Unpaid Overtime Wages**
**Brought on Behalf of Plaintiff and the Colorado Class**
**Against Defendant**

55. Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

56. At all relevant times, Plaintiff and the members of the Colorado Class were employed by Nelnet within the meaning of the Colorado Minimum Wage Order.

57. Nelnet willfully violated Plaintiff's rights and the rights of the Class, by failing to pay them for all overtime hours worked, in violation of the Colorado Minimum Wage Order.

58. Nelnet's Colorado Minimum Wage Order violations have caused Plaintiff and the Colorado Class irreparable harm for which there is no adequate remedy at law.

59. Due to Nelnet's Colorado Minimum Wage Order violations, Plaintiff and the Colorado Class are entitled to recover from Nelnet their unpaid overtime wages for overtime hours worked for which they did not receive compensation, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, statutory damages, penalties, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the Colorado Minimum Wage Order.

**THIRD CAUSE OF ACTION**
**Colorado Wage Claim Act: Unpaid Overtime Wages**
**Brought on Behalf of Plaintiff and the Colorado Class**
**Against Defendant**

60. Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

61. At all relevant times, Defendant was an "employer" within the meaning of the Colorado Wage Claim Act.

62. At all relevant times, Nelnet has employed "employees", including Plaintiff and the Colorado Class, within the meaning of the Wage Claim Act.

63. Plaintiff was an employee of Nelnet within the meaning of the Wage Claim Act.

64. As a result of the foregoing conduct, as alleged, Nelnet has failed to pay wages due under the FLSA, Wage Claim Act, and Minimum Wage Act, thereby violating the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

65. As a result, Plaintiff has been damaged in an amount to be determined at trial. Plaintiff hereby demands payment on his own behalf and on behalf of all members of the Colorado Class in an amount sufficient to provide compensation for all overtime hours worked. This demand for payment is continuing and is made on behalf of any current Colorado Class members whose employment terminates at any time in the future. Such payment can be made care of undersigned counsel at the listed addresses.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated members of the Collective and the Colorado Class, prays for the following relief:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this class and collective action, or the Court should issue such notice, to all Collective Action Members and members of the Colorado Class who are/were employed by Defendant during the applicable statute of limitations. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper overtime wages;

B. Certification of the Colorado law claims in this action as a class action;

C. Unpaid wages, statutory penalties and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201 *et seq.*, the supporting United States Department of Labor regulations, and Colorado law as well as Defendant's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

D. An injunction enjoining Defendant from violating the foregoing laws and regulations in the future;

E. Pre and post-judgment interest;

F. A reasonable incentive award for the Plaintiff to compensate him for the time and effort he has spent protecting the interests of other CCRs, and the risks he has undertaken;

G. Designation of Plaintiff Peterson as Class Representatives and Plaintiff's counsel as class counsel;

H. An award of damages, appropriate statutory penalties, and restitution to be paid by Defendant according to Colorado law according to proof;

I. Attorneys' fees and costs of the action, including expert fees; and

J. Injunctive, equitable, or other relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all questions of fact raised by this Class and Collective Action Complaint.

Dated: April 28, 2017

Respectfully submitted,

*s/Brian D. Gonzales*
_____

Brian D. Gonzales
**THE LAW OFFICES OF BRIAN D. GONZALES, PLLC**
242 Linden Street
Fort Collins, Colorado 80524
Tel: (970) 214-0562

Gregg I. Shavitz
**SHAVITZ LAW GROUP, P.A.**
1515 South Federal Highway, Suite 404
Boca Raton, FL 33432
Tel: (561) 447-8888
Fax: (561) 447-8831

*Attorneys for Plaintiff and the Putative Class and Collective*