DocuSign Envelope ID: 8E5AD69A-3A21-4529-ABF5-3A74909FF800

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.: 17-cv-01064-NYW**

ANDREW PETERSON, on behalf of
himself and all similarly situated persons,

      Plaintiff,

v.

NELNET DIVERSIFIED SOLUTIONS, LLC,
a Nebraska limited liability company

      Defendant.

_____

### PLAINTIFFS' MOTION TO STAY RESOLUTION OF TAXABLE COSTS ISSUE PENDING TENTH CIRCUIT COURT OF APPEALS DECISION

_____

Plaintiff Andrew Peterson and the Opt-In Plaintiffs, through counsel, hereby request that this Court stay the taxation of costs issue pending the Tenth Circuit Court of Appeals resolution of the appeal of the Court's Order on Defendant's motion for summary judgment [D.E. 189, 190] and in support thereof states as follows:

### I.      Background

On August 23, 2019, the Court granted Defendant's motion for summary judgment, finding that the unpaid time that Plaintiffs worked was compensable but that Defendant was not liable for such time because two of three *de minimis* exception factors favored Defendant.  D.E. 189.  Plaintiffs appealed that Order on September 16, 2019.  D.E. 191.  Defendant filed a Proposed Bill of Costs on September 17, 2019.  After a hearing before the Clerk and further submissions to the Clerk, the Clerk awarded certain taxable costs to Defendant.  D.E. 209.

1

DocuSign Envelope ID: 8E5AD69A-3A21-4529-ABF5-3A74909FF800

Plaintiff filed a Motion to Review Clerk's Taxation of Costs on February 3, 2020 (D.E. 210), and Plaintiff's reply brief is due on March 9, 2020.

Whether or not Defendant will be entitled to any taxable costs is contingent on a Tenth Circuit decision in Defendant's favor. Accordingly, the Court should stay resolution of the taxable cost issue and any further briefing in connection with Plaintiff's Motion to Review Clerk's Taxation of Costs until after the Tenth Circuit issues its Order resolving Plaintiffs' appeal.

## II.     Argument

Pursuant to Fed. R. Civ. P 54(d), "the district court judge is not required to resolve a motion for attorneys' fees or costs before the appeal is completed." *Chung v. Lamb*, No. 14 Civ. 03244, 2019 U.S. Dist. LEXIS 227950, at *3 (D. Colo. Apr. 30, 2019) (citing numerous cases); *accord, e.g.*, *Sunday's Child, LLC v. Irongate Azrep BW LLC*, No. 13 Civ. 00502, 2018 U.S. Dist. LEXIS 225149, at *4-5 (D. Haw. Oct. 4, 2018) ("Because the Motion is predicated on an order that is currently on appeal, the Court and the parties' interests would best be served by waiting for the Ninth Circuit's decision before determining if and/or what amount of attorneys' fees and costs should be awarded."); *Mhany Mgmt. Inc. v. Inc. Vill. of Garden City*, 44 F. Supp. 3d 283, 286-87 (E.D.N.Y. 2014) (deferring ruling on motion for attorneys' fees and costs until after Second Circuit rendered a decision); *see* FED. R. CIV. P. 54(d), adv. comm. note to 1993 amendments ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.").

The Court should exercise its discretion and stay the resolution of the taxable cost issue until the Tenth Circuit resolves the appeal. The Court will save resources by not expending time

DocuSign Envelope ID: 8E5AD69A-3A21-4529-ABF5-3A74909FF800

to address the taxable cost issues now and avoid the risk that such time will be wasted if the appeal resolves the matter in Plaintiffs' favor.

A stay is also warranted because of a recent Tenth Circuit decision which addressed the *de minimis* issue and the Fair Labor Standards Act. *Aguilar v. Mgmt. & Training Corp*., 2020 U.S. App. LEXIS 3339 (10th Cir. Feb. 4, 2020). In *Aguilar*, the Tenth Circuit discussed the two *de minimis* factors which this Court addressed in its summary judgment decision, finding in Defendant's favor. The Tenth Circuit held that the first *de minimis* factor (the "the practical administrative difficulty of recording the additional time") weighed in the employees' favor because the employer "could reasonably estimate the time that it does not record." *Id*. at *29. In this case, Nelnet's expert analyzed precisely how long the unpaid boot up time took to complete. D.E. 158 at 6-7. Plaintiffs argued, consistent with *Aguilar*, that Nelnet could reasonably estimate how much time it did not pay and pay the Plaintiffs for that time. D.E. 174 at 18. This Court found that it would be too practically difficult to record such time and Nelnet would need to change its timekeeping system to capture the unpaid time. D.E. 186 at 27. However, the Tenth Circuit has held that where an employer could reasonably estimate unpaid time (which Nelnet easily could have done here), this first *de minimis* factor favors the employees. *Aguilar*, 2020 U.S. App. LEXIS 3339, at *29. Plaintiffs assert that, as in *Aguilar*, the Tenth Circuit will find that this first *de minimis* factor supports Plaintiffs.

The Tenth Circuit also addressed the other *de minimis* factor which this Court found to be in Defendant's favor – "the aggregate amount of compensable time." *Id.* at *30. This Court held that $30,000 in potential actual unpaid damages (not including liquidated damages) was a *de minimis* amount for the Plaintiffs. D.E. 186 at 30. The Tenth Circuit held that "moderately sized claims are not automatically negligible" and cited authority "suggesting $1 per week for 50

DocuSign Envelope ID: 8E5AD69A-3A21-4529-ABF5-3A74909FF800

weeks would not be *de minimis* claim." *Aguilar*, 2020 U.S. App. LEXIS 3339, at *30-31 (citing *Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984)). *Aguilar* supports Plaintiffs' claims that the aggregate amount of compensable time is not *de minimis* and should have been paid.

For these reasons, Plaintiffs respectfully request that the Court stay the resolution of the taxable cost issue and direct any further proceedings as to taxable costs to occur after the Tenth Circuit resolves Plaintiffs' appeal.

Dated: March 6, 2020                                    Respectfully submitted,

                                    __s/Michael Palitz_____
                                    Michael Palitz
                                    **SHAVITZ LAW GROUP, P.A.**
                                    800 Third Ave., Suite 2800
                                    New York, NY 10022
                                    Tel: (800) 616-4000

                                    Logan A. Pardell
                                    Gregg I. Shavitz
                                    Alan Quiles
                                    Logan A. Pardell
                                    **SHAVITZ LAW GROUP, P.A.**
                                    951 Yamato Road, Suite 285
                                    Boca Raton, FL 33431
                                    Tel: (561) 447-8888

                                    Brian D. Gonzales
                                    **THE LAW OFFICES OF BRIAN D.
                                    GONZALES, PLLC**
                                    2580 East Harmony Road, Suite 201
                                    Fort Collins, Colorado 80528
                                    Tel: (970) 214-0562

                                    Jon Rehm
                                    Brody Ockander
                                    **REHM BENNETT LAW FIRM P.C., L.L.O**
                                    3701 Union Drive, #200
                                    Lincoln, Nebraska 68516
                                    Tel: (402) 420-1400

DocuSign Envelope ID: 8E5AD69A-3A21-4529-ABF5-3A74909FF800

Dustin T. Lujan
**LUJAN LAW OFFICE**
1603 Capitol Avenue, Suite 310 A559
Cheyenne, Wyoming 82001
Tel: (970) 999-4225

*Attorneys for Plaintiff and the Collective*

Approved By:

Jeffrey Peterson
(Application for appointment as estate
administrator of Plaintiff Andrew Peterson's estate
pending)

DocuSign Envelope ID: 8E5AD69A-3A21-4529-ABF5-3A74909FF800

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of March 2020, a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO STAY RESOLUTION OF TAXABLE COSTS ISSUE PENDING TENTH CIRCUIT COURT OF APPEALS DECISION** was served electronically on the following:

Richard B. Benenson, Esq.
Martine T. Wells, Esq.
Anna-Liisa Mullis, Esq.
410 Seventeenth Street, Suite 2200
Denver, Colorado 80202
Phone: (303) 223-1100
Fax: (303) 223-1111
rbenenson@bhfs.com
mwells@bhfs.com
amullis@bhfs.com

Daniel Kaplan, Esq.
Charles Kaplan, Esq.
Perry, Guthery, Haase, & Gessford
233 South 13th Street, Suite 1400
Lincoln, Nebraska 68508
dkaplan@perrylawfirm.com
ckaplan@perrylawfirm.com

*s/Michael Palitz*
Michael Palitz

## **CERTIFICATE OF CONFERRAL**

On March 5, 2020, I conferred with Defendant's counsel by telephone about this motion and also sent a copy of this motion to Defendant's counsel.  Defendant's counsel indicated that she would discuss the motion with her client.  As of this filing, Defendant has not yet advised of its position.

Dated: March 6, 2020                                    s/Michael Palitz
                                                        Michael Palitz